Rikki Burns-Riley
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, AK 99501
PH: (907) 276-5727
rburns-riley@richmondquinn.com

Attorneys for Defendants
ANC Dimond LLC, ANC Hawkins, LLC,
and Hawkins Companies, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEANNE PIFER,<br><br>                Plaintiff,<br>   v.<br><br>SPORTSMAN'S WAREHOUSE, INC.,<br>ANC DIMOND, LLC, ANC HAWKINS,<br>LLC, and HAWKINS COMPANIES, LLC,<br><br>                Defendants. | Case No. 3:24-cv-00064 |

## FEDERAL NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332(a), 1391, 1441(a) and 1446(a), defendants, ANC Dimond, LLC; ANC Hawkins, LLC; and Hawkins Companies, LLC, removes to the United States District Court for the District of Alaska, this action originally filed in the Superior Court of the State of Alaska, Third Judicial District at anchorage, Case No. 3AN-24-04658CI. As grounds for removal of this action, defendants state as follows:

### I.    BACKGROUND & PROCEDURAL HISTORY

1.    Plaintiff filed this lawsuit on or around February 12, 2024, in the Superior Court of the State of Alaska, Third Judicial District at Anchorage, Case No.

3AN-24-04658CI (hereinafter "State Court Action"). Plaintiff's complaint names the following defendants: Sportsman's Warehouse, Inc.; ANC Dimond, LLC; ANC Hawkins, LLC; and Hawkins Companies, LLC. Attached hereto as **Exhibit 1** is a true and correct copy of the plaintiff's Summons and Complaint.

2. Defendants ANC Dimond, LLC; ANC Hawkins, LLC; and Hawkins Companies, LLC (Removing Defendants) were served on February 26, 2024.

3. Upon information and belief, Sportsman's Warehouse has not appeared in the State Court Action.

4. Plaintiff alleges that she suffered a personal injury after slipping, falling, and fracturing her femur on the sidewalk in front of Sportsman's Warehouse, located at 8681 Old Seward Highway, Anchorage, Alaska, 99515, on February 28, 2022, and seeks in excess of $100,000 in damages allegedly resulting therefrom.

5. Pursuant to Fed. R. Civ. P. 81(c), Removing Defendants will file their responsive pleading, answer, or otherwise present their other available defenses of objections under the Federal Rules within seven (7) days after the filing of this Notice of Removal, or it will obtain an extension of time to file such pleading or motion.

## II. TIMELINESS, JOINDER, AND AVENUE

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). Service of process remains the official trigger for a responsive action by named defendants and the "receipt" of a complaint by any other means is insufficient. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Plaintiff served Removing Defendants on

Notice of Removal
Pifer v. Sportsman's Warehouse, Inc. et al., Case No. 3:24-cv-00064
Page 2 of 6

Case 3:24-cv-00064-SLG   Document 1   Filed 03/19/24   Page 2 of 6

February 26, 2024 with the Complaint, and this Notice of Removal was filed on March 18, 2024, which is before March 27, 2024, thirty (30) days after the date the complaint was served. 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summon described in paragraph (1) to file the notice of removal." Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) and (c).

7. As to any other defendants, the removing defendants have not been informed that any of the other defendants have been served, have appeared in the State Court Action, or oppose the removal of this action pursuant to 28 U.S.C. § 1446(b)(2). *Clawson v. FedEx Ground Package Sys.*, 451 F. Supp. 2d 731, 735 (D. Md. Sept. 11, 2006) ("28 U.S.C. § 1441(b) provides that diversity actions shall be removable 'only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.'").

8. The United States District Court for the District of Alaska is the federal judicial district and division encompassing the Superior Court of the State of Alaska, Third Judicial District at Anchorage, where the State Court Action was originally filed. Therefore, removal to this Court is proper under 28 U.S.C. § 1446(a) and 28 U.S.C. § 81A.

9. Removing Defendants will simultaneously lodge copies of all documents served upon it to date in connection with the State Court Action, as required by 28 U.S.C. § 1446(a).

10. Removing Defendants will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of Alaska, Third Judicial District at Anchorage and provide written notice of the removal to all parties/counsel of record. **Exhibit 2**.

11. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, as required by 28 U.S.C. § 1446(a).

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION

12. This court has diversity jurisdiction over this civil action under 28 U.S.C. § 1332. As detailed below, this action is removable pursuant to 28 U.S.C. § 1441 because there is completely diversity between the proper parties and the amount-in-controversy exceeds the jurisdictional minimum.

#### A. Diversity of Citizenship

13. According to the Complaint, plaintiff is an individual who is domiciled in Anchorage, Alaska. **Ex. 1, ¶ 1**.

14. Removing Defendants are principally based in Idaho. **Ex. 1, ¶¶ 3-4.**[1]

#### B. Amount-in-Controversy

15. The test for determining whether the minimum amount in controversy requirement is satisfied is whether it is "more likely than not' that plaintiff is seeking to recover more than $75,000 in this action, exclusive of interest and costs. *Dart Cherokee*

---

[1] Upon information and belief, defendant Sportsman's Warehouse has not yet been served or appeared in the State Court Action, but is also a foreign corporation. **Ex. 1, ¶ 2.**

*Basin Operation Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by plaintiff or questioned by the court.").

16. While Removal Defendants deny any liability as to plaintiff's claims, this court's jurisdictional minimum, an amount-in-controversy in excess of $75,000, is satisfied by the following:

(a) Plaintiff alleges damages in excess of $100,000. **Ex. 1, ¶ 15**.

WHEREFORE, defendants, ANC Dimond, LLC; ANC Hawkins, LLC; and Hawkins Companies, LLC, respectfully request that this Notice of Removal be accepted and that the State Court Action be removed from the Superior Court of the State of Alaska, Third Judicial District at Anchorage to the United States District Court for the District of Alaska.

DATED this 19th day of March 2024, at Anchorage, Alaska.

                    RICHMOND & QUINN
                    Attorneys for Defendants
                    ANC Dimond, LLC, ANC Hawkins,
                    LLC, and Hawkins Companies, LLC

By:   s/ Rikki Burns-Riley
       Rikki Burns-Riley
       Alaska Bar No. 1810095
       360 K Street, Suite 200
       Anchorage, AK  99501
       Ph: 907-276-5727
       Fx: 907-276-2953
       E: rburns-riley@richmondquinn.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by ECF on the parties registered to receive electronic notices this 19th day of March 2024 on:

Michael Garland
Crowson Law Group
637 A Street
Anchorage, AK 99501
mike@crowsonlaw.com


s/ Rikki Burns-Riley
RICHMOND & QUINN
I:\108\108.641\PLEADINGS\FEDERAL NOTICE OF REMOVAL.docx